**THOMPSON, Admx., Plaintiff-Appellee v. KERR, Defendant-Appellant.**

Ohio Appeals, Third District, Allen County.

No. 837.   Decided February 8, 1942.

116

Wilbur E. Benoy, Columbus, for defendant-appellant.
Okey Van Dyne, Ada, for plaintiff-appellee.

## OPINION

BY THE COURT:

This is an appeal upon questions of law from a judgment of the Common Pleas Court of Allen county, Ohio, in an action pending therein wherein the appellee Mozelle Thompson, administratrix of the estate of Eugene M. Thompson, was plaintiff, and the appellee Anna Kerr was defendant.

The action is one for wrongful death of plaintiff's decedent. It was tried to the court and a jury, and was submitted upon the amended petition of the plaintiff, the answer and cross-petition of the defendant, the answer of the plaintiff thereto, the reply of the defendant to the answer to the cross-petition and the evidence.

The jury returned a verdict in favor of the plaintiff in the sum of $12,500.00 on her amended petition, and a verdict against the defendant on her cross-petition. The defendant filed a motion for new trial which was overruled; and judgment was then entered upon the verdict, which is the judgment appealed from.

In her amended petition the plaintiff alleges that on the 4th day of September, 1941, she was appointed administratrix of the estate of Eugene M. Thompson, deceased, in the Probate Court of Hardin county, Ohio, and is now the duly appointed, qualified and acting administratrix of said estate; that on or about the 4th day of April, 1941, at 11:35 o'clock A. M., said decedent Eugene M. Thompson was driving his 1933 Plymouth sedan in an easterly direction on Federal Route 30S, known as Harding Highway, on his right side thereof and south of the center line of said highway coming from Lima, Ohio, and enroute to his home northeast of Ada, Ohio.

Plaintiff further alleges that at a point on said highway approximately six or seven miles east of Lima, and at the time aforesaid there was a 1941 Plymouth pick-up truck proceeding in a westerly direction and driven by the defendant Anna Kerr, of near Galion, Ohio; and that the pick-up truck driven by the said defendant, as it approached decedent's car from the east, swerved or turned to its left across the center line toward the south side of the highway and directly toward decedent's car, striking said car near the front, turning it over on the south side of the highway into a shallow ditch, and completely demolished it. And that as a result of said collision plaintiff's decedent was killed.

Plaintiff further alleges that the collision with decedent's automobile which resulted in his death was caused directly, solely, and proximately by the negligence of the defendant, in the following respects.

1. In operating said truck at the time and place aforesaid at an excessive rate of speed, to wit: fifty miles per hour.

2. By her failure to drive said truck on the right side of the highway or north of the center line thereof.

Plaintiff further alleges that said decedent was, at the time of his death, forty-one years old, and that surviving said decedent as his heirs-at-law and next of kin are this plaintiff, who is his widow, and the following children: Dorothy Jean Thompson, 17 years of age; Mable Mae Thompson, 15 years of age; Ruby Coleen Thompson, 13 ears of age; Patricia Ann Thompson, 10 years of age; Alice Joan Thompson, 8 years of age; Shirley Ruth Thompson, five years of age; and Donald Eugene Thompson, three years of age; in whose behalf the action is brought.

Plaintiff further alleges that the beneficiaries of the action, above designated, have suffered a pecuniary loss because of the death of said decedent, in the sum of $25,000.00.

Plaintiff prays for judgment in the sum of $25,000.00, together with costs.

In her answer and cross-petition defendant admits that on the day and hour alleged in the petition plaintiff's decedent Eugene M. Thompson was operating an automobile in an easterly direction on Federal Route 30 South known as the Harding Highway, and that at approximately the same time and place on said highway between the city of Lima, Ohio, and the village of Ada, Ohio, the defendant was operating an automobile proceeding in a westerly direction, and that a collision occurred on said highway between the automobile operated by Eugene M. Thompson and the automobile operated by the defendant.

The defendant alleges that she is without knowledge as to the extent of the injuries or damages, if any, which occurred to Eugene M. Thompson or accrued to the plaintiff, and therefore denies each and every, the allegations made and averments contained in said amended petition, which are not expressly herein admitted to be true.

The defendant prays that the amended petition of the plaintiff be dismissed, at plaintiff's costs.

By way of cross-petition the defendant avers that on April 4, 1941, at approximately 11:30 in the morning she was operating a Plymouth Pickup automobile and traveling in a westerly direction on U. S. Route No. 30, between the village of Ada, Ohio, and the city of Lima, Ohio; and that at the same time and on the same highway the decedent of the plaintiff, Eugene M. Thompson, was operating a Plymouth sedan traveling in an easterly direction; and that when the approaching automobiles reached a place on said highway four or five miles east of Lima, Ohio, a collision occurred between them.

The defendant further alleges that at the time and place the pavement was wet and slippery and rain was falling; that just prior to the collision a motor truck was being operated directly in front of the automobile of the decedent of the plaintiff, traveling in an easterly direction, and that an automobile was traveling in a westerly direction in front of the automobile being operated by

the defendant; that just prior to the collision the decedent of the plaintiff attempted to pass the motor truck immediately in front of his automobile and encountered in his path the automobile being operated immediately in front of the defendant. Whereupon the automobile immediately in front of the defendant suddenly stopped to permit the automobile of the decedent of the plaintiff to pass in front of it, and immediately the defendant caused the car which she was operating to slow down, and the collision occurred between the automobile operated by the decedent of the plaintiff and the automobile operated by the defendant.

The defendant further alleges that the decedent of the plaintiff was guilty of carelessness, recklessness and negligence in the operation of his motor vehicle at the said time and place which directly and proximately caused the collision and injuries to the defendant in the following particulars, to wit: the decedent of the plaintiff operated his said automobile at an excessive rate of speed, to wit, sixty miles per hour and failed to operate said automobile with care and caution under the circumstances then and there existing and failed to use ordinary care in attempting to pass the motor truck immediately in front of him at a time when other automobiles were approaching from the east and about to pass said motor truck.

The defendant further alleges that as a direct and proximate result of the aforesaid negligence of the decedent of the plaintiff by reason of which the collision occurred between said vehicles the defendant has suffered and suffers certain physical injuries to her damage in the sum of $25,000.00.

The defendant prays for judgment against the plaintiff in the sum mentioned.

In her answer to defendant's cross-petition, plaintiff admits that at the time and place alleged in the cross-petition the defendant was operating an automobile as therein alleged, and at the same time and place on the same highway the decedent of plaintiff was operating an automobile as therein alleged, and further admits that when the approaching automobiles reached a place in said highway approximately four or five miles east of Lima, Ohio, a collision occurred between them; and admits that prior to the collision a motor truck was being operated directly in front of the automobile of the decedent of the plaintiff, traveling in an easterly direction, and that an automobile was traveling in a westerly direction in front of the automobile being operated by the defendant.

The plaintiff denies each and every allegation in said cross-petition contained not expressly admitted to be true in her answer to the cross-petition.

Plaintiff further alleges that if her decedent was negligent, which she expressly denies, the defendant Anna Kerr was guilty of carelessness, recklessness and negligence in the operation of her

motor vehicle at the time and place of the collision which was the proximate cause of said collision and the death of the decedent, in the following particulars, to wit: drove unreasonably close to the automobile immediately in front of her motor vehicle, to wit, fifty feet; failed to operate said motor vehicle with care and caution under the circumstances then and there existing; and failed to have her motor vehicle under control and bring it to a stop within the assured clear distance ahead.

Plaintiff prays that the cross-petition of the defendant be dismissed and that she be awarded judgment and other relief against the defendant as prayed for in her amended petition.

In her reply to the answer to the cross-petition the defendant denies each and every, all and singular, the allegations made and averments contained in said answer to the cross-petition except such as are admissions of the allegations contained in the cross-petition.

The defendant-appellant makes the following assignments of error:

1. The court erred in overruling defendant's motion for a directed verdict made at the conclusion of plaintiff's evidence and renewed at the conclusion of all the evidence; and in overruling defendant's motion for judgment notwithstanding the verdict.

2. The court erred in giving plaintiff's special request Number 6 to the jury.

3. The court erred in the general charge to the jury.

4. The court erred in the admission of evidence offered by plaintiff, to which objection was made.

5. The verdict is contrary to the evidence and the law, and against the manifest weight of the evidence.

These assignments will be considered in the order mentioned.

1. The following rules are applicable to a consideration of the first assignment of error:

(a) The evidence is to be considered in the light most favorable to plaintiff, and all conflicts in the evidence, whether such conflict is between parts of the testimony of a witness, or between the testimony of different witnesses called upon behalf of the same party, or is between the testimony of witnesses called by one party and the testimony of witnesses called by the opposing party, are to be resolved in favor of the plaintiff.

(b) Where a party calls a witness for examination he presents such witness to the court and jury as one whose testimony is to be relied upon so far as it is not contradicted, and is bound by the testimony of such witness, but where, as in this case, the opposing party is called as a witness for cross-examination, there is no such presentment and the party calling the witness is not bound by the testimony of such witness, although entitled to the benefit.

In this case the time and place and fact of the collision, and the identity of the motor vehicles and the parties to the collision, and the death of plaintiff's decedent resulting from the collision are expressly admitted, and the legal capacity of the plaintiff to maintain the action is inferentially admitted in the pleadings.

Considering the evidence in this case, as disclosed by the bill of exceptions, in the light of the rules mentioned, the evidence offered by the plaintiff, apart from the cross-examination of the defendant, tends to prove the relationship of the parties for whose benefit the action is brought, to plaintiff's decedent, their dependency upon him, and the pecuniary loss to them resulting from his death, as alleged in the petition.

The evidence further tends to prove:

At the time plaintiff's decedent was engaged in driving his automobile in an easterly direction along the paved state highway known as the Harding Highway, at the time and place admitted in the pleadings, around a Ford commercial tractor semi-trailer motor vehicle operated by one Ralph Burns, going in the same direction, and was right beside the semi-trailer tractor operated by Burns, and ready to pull in ahead of it, the first motor vehicle approaching along said highway from the east was three hundred feet from the truck. This approaching automobile was closely followed by the pick-up truck operated by the defendant. At this time it had been raining for several hours and the pavement was wet.

The automobile driven by plaintiff's decedent passed the trailer tractor driven by Burns, and pulled back in the road ahead of it and proceeded on down the road south of the center line of the paved portion thereof which was its proper lane of traffic. As decedent's automobile passed Burns' trailer tractor Burns swerved the trailer tractor a little to the right and slightly decreased its speed, and the automobile approaching, as above mentioned, and the pick-up truck following it swung to the right but not off the paved portion of the highway, and slightly decreased their speed.

The automobile which, when first observed by Burns, was followed by the pick-up truck operated by the defendant passed the trailer tractor operated by Burns and proceeded on beyond it in a westerly direction.

The collision between plaintiff's decedent's automobile and defendant's pick-up truck occurred when decedent's automobile was proceeding along its proper lane of traffic on the south side of the paved portion of the highway and when it was at a distance of fifty or sixty feet ahead of the tractor trailer driven by Burns. The pick-up truck driven by defendant came across the paved portion of the highway from the lane of traffic on the north side thereof, to the lane of traffic on the south side thereof, and the cars went head-on together on the south side of the paved portion of the highway and south of the center line thereof. Decedent's car rolled over to

the right hand side into the ditch and the pick-up truck stopped right at the center of the paved portion of the highway, across the center line thereof, and Burns drove his tractor trailer down the road between the two cars, colliding with both of them. At the time decedent's automobile passed the tractor trailer driven by Burns, Burns was operating such tractor trailer at a speed of from thirty-five to thirty-eight miles per hour, and decedent's automobile was being operated at sufficient speed to pass it, which Burns, from previous experience and observation, estimated was a speed of ten miles an hour in excess of the speed at which the tractor trailer was being operated, or a speed somewhere near forty-five miles per hour.

Plaintiff's decedent was killed through the force of the head-on collision of plaintiff's decedent's car with the pick-up truck operated by the defendant, or through the force of the collision of the tractor trailer operated by Burns, with decedent's automobile immediately following the collision between decedent's automobile and the pick-up truck operated by the defendant.

When called for cross-examination by the plaintiff, the defendant testified that she was going to Lima to visit her uncle John Newman; was driving a Plymouth pick-up truck, 1940 model; that she was accompanied by her daughter Pauline Jones aged sixteen, and a Mrs. Albright; that she was operating the pick-up truck and all three of them were riding in the only seat in the truck; that the seat was wide and they had plenty of room; that they came from Iberia which is about five and a half miles from Galion; that the passenger automobile which the truck driven by her was following immediately prior to the collision went around her truck about two or three miles east of the place of the collision. She was watching the car ahead of her and watching the road; there was no warning given by the driver of the car preceding her, of any intention to stop—no signal lights—no hand extended; it was raining and the windshield wiper was working; it had been turned on around Kenton; they were not in a hurry and they were taking their time; it had been raining a couple of hours, maybe a little longer. She saw neither the tractor trailer nor the automobile of plaintiff's decedent approaching on the highway from the opposite direction. She was operating her truck about forty or fifty feet back of the passenger car ahead; she was driving between thirty-five and forty miles per hour and was on her right side of the road. She was not trying to get around the car ahead of her. "It stopped very suddenly" and, as she expressed it, "I tried to stop, put on my brakes and the front end of my car kind of slid out back of this car and that was all I knowed."

There is considerable other evidence in the record, introduced both by plaintiff and defendant, relating mainly to the details as to the place of the collision, and the physical facts surrounding the same, and some cumulative evidence as to the facts hereinbefore stated, but it is unnecessary to discuss them, as all the salient facts

in evidence which are essential to a determination of this assignment of error are set forth.

We will first consider the contention of defendant-appellant that from the evidence introduced by plaintiff, an inference of contributory negligence on the part of plaintiff's decedent arose, which was not rebutted by other evidence.

Apart from the cross-examination of the defendant, by which the plaintiff is not bound, the evidence introduced by plaintiff by which she is bound, is to the general effect that at the time plaintiff's decedent was engaged in passing the Burns tractor trailer and had his automobile right beside the seat of the tractor driven by Burns, the first car approaching from the opposite direction which was followed closely by the pick-up truck driven by defendant was three hundred feet ahead of the Burns tractor, and that the decedent proceeded on around and ahead of the Burns tractor trailer into his proper lane of traffic and had his automobile in the proper lane of traffic at a distance of about fifty feet ahead of the Burns tractor at the time the collision occurred. That the collision was caused by the pick-up truck operated by the defendant coming across the paved portion of the highway from its proper lane of traffic into the lane of traffic in which the decedent was operating his car.

If any inference that plaintiff's decedent was contributorily negligent arose from the testimony to the effect that as decedent in his automobile passed the Burns tractor, Burns turned his tractor slightly to the right and decreased its speed, and the approaching cars likewise swerved to the right and decreased their speed and/or from the testimony as to the speed at which plaintiff's decedent was operating his automobile at the time he passed the Burns tractor, such inference, particularly upon the issue of proximate cause, is rebutted by the evidence as to the distance between the Burns tractor and the approaching cars at the time of such passage and of the decedent proceeding around and ahead of the Burns tractor and into his proper lane of traffic and thus continuing at a distance of fifty feet ahead of the Burns tractor at the time the collision between decedent's automobile and defendant's pick-up truck occurred.

There is no other evidence on the part of the plaintiff from which any inference of contributory negligence on the part of plaintiff's decedent arose.

We therefore conclude that no inference of contributory negligence on the part of plaintiff's decedent arises from the evidence introduced by plaintiff, which is not rebutted by other evidence.

The evidence as to the defendant's pick-up truck coming across the paved portion of the highway from its proper lane of traffic, into and across the decedent's proper lane of traffic, and of the head-on collision occurring within such lane was sufficient to require the submission of de-

fendant's negligence in operating the truck driven by her in the wrong lane of traffic to the jury.

As hereinbefore stated, plaintiff was not bound by the evidence of defendant given when called for cross-examination by her, to the general effect that the automobile proceeding ahead of her came to a sudden stop, that the presence of her pick-up truck in the decedent's lane of traffic was caused by her sliding out back of the car in front of her when it suddenly stopped and she put on her brakes.

This evidence and the evidence of Pauline Jones to the same general effect, with all the other evidence in the case, simply presented questions for determination by the jury as to whether the defendant was negligent and such negligence was the proximate cause of the injuries sustained by plaintiff's decedent, and whether plaintiff's decedent was negligent and such negligence was a or the proximate cause of the injuries sustained by him.

For the reasons mentioned, we find no error in the overruling of defendant's motion for a directed verdict made at the conclusion of plaintiff's evidence and renewed at the conclusion of all the evidence, and in the overruling of defendant's motion for judgment notwithstanding the verdict.

2. The second assignment of error is that the court erred in giving plaintiff's special request number 6 to the jury.

This request is as follows:

"Defendant, Anna Kerr, was presumed to have been obeying the law and using the highway in a lawful manner and Eugene Thompson, the deceased, had a right to assume that the defendant, Anna Kerr, was obeying the law and would continue to do so in order for him to. successfully pass her vehicle."

Eugene Thompson, the deceased, had the right to assume, unless and until he had knowledge to the contrary, that the defendant, Anna Kerr, in her use of the highway, would proceed in a lawful manner on her proper side of the highway, and that he, proceeding lawfully on his proper side of the highway, could pass her in safety.

The request to charge, as given. is incorrect in that the right of Eugene Thompson, the deceased, to assume that the defendant Anna Kerr would, in the use of the highway, proceed in a lawful manner, is not limited to a time in which he did not have knowledge to the contrary, and in that his successful passage of her vehicle was not predicated upon his proceeding in a lawful manner.

While the charge as given is incorrect and erroneous, it relates to an abstract proposition of law, and we do not consider that the giving of this charge, in and of itself, in any way affected the verdict of the jury, to the prejudice of defendant.

3. The third assignment of error is that the court erred in the general charge to the jury.

Under this assignment of error the defendant-appellant specifies nine particulars in which the court erred, as follows:

(a) Error in not withdrawing from the consideration of the jury, the charge made in the amended petition that the defendant was negligent in operating the truck driven by her at the time and place mentioned in the amended petition, at an excessive rate of speed, to wit, fifty miles per hour.

(b) The court in charging upon the issues joined by the amended petition and the answer thereto· erred in instructing the jury that one of the acts of negligence charged abainst the defendant was the violation of the statutory provisions relating to assured clear distance, and further instructing the jury to consider such statutory provisions as applying to the conduct of the defendant.

(c) (d) The court erred in failing to separate and definitely state to the jury the issues of fact made in the pleadings, accompanied by such instructions as to each issue as the nature of the case required.

(e) The court after instructing the jury as to the general principles applicable to common-law negligence, erred in instructing the jury that such principles were applicable to acts of negligence charge in the cross-petition of defendant consisting of the violation of specific statutory requirements for the safety of the public and constituting negligence per se.

(f) The court in charging upon the issues joined by the cross-petition of the defendant and the answer of the plaintiff thereto, erred in instructing the jury that the burden was upon the defendant to prove the negligence of the plaintiff, and her freedom from contributory negligence.

(g) The court erred in charging the legal effect of the provisions of §12603, GC.

(h) The court erred in not charging the provisions of §§6310-20, 6310-22 and 6310-28, GC, as applicable to the conduct of the plaintiff, and in not charging upon the subject of legal excuse for the defendant in not conforming to specific statutory requirement in the operation of her truck.

(i) The court erred in not charging upon the inference of negligence arising from the deceased's own conduct.

These particulars of error in the charge will be considered in the order mentioned.

(a) It is contended by the defendant-appellant that as there was no evidence tending to prove that the defendant was operating her pick-up truck at a rate of speed in excess of the prima facie lawful speed of forty-five miles per hour on a public highway outside of a municipality, the court erred in submitting the issue of excessive speed of the defendant to the jury.

Notwithstanding there was no evidence that the defendant operated her truck at a rate of speed in excess of forty-five miles

126

per hour, that portion of §12603, GC, prescribing that no person shall operate a motor vehicle upon the public roads and highways at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface and width of the road or highway, and of any other conditions then existing, was, upon the facts in evidence which included weather conditions, applicable to the conduct of the defendant in the operation of her truck.

It was therefore proper for the court to instruct the jury as to such provision, and also as to the further provision of said section that it shall be prima facie lawful for the operator of a motor vehicle to drive the same at a speed not exceeding forty-five miles per hour on highways outside of municipal corporations, and as to the application thereof to the conduct of the defendant.

The court charged these provisions and also charged the further provision of the section as to speed in excess of forty-five miles per hour and submitted such issue of speed as being governed by all said provisions.

Insofar as the charge as given conformed to the first statutory provisions mentioned, it was correct, but insofar as it constituted an instruction on statutory provisions as to speed in excess of forty-five miles per hour, and a submission of an issue as to the speed of the defendant's truck in excess of the prima facie lawful speed of forty-five miles per hour, it was erroneous, and this error is of such character as to require reversal of the judgment.

(b) In charging upon the issues joined by the amended petition and the answer of the defendant thereto, the court instructed the jury that the plaintiff claimed that the defendant was negligent in violating the provision of §12603, GC, as to assured clear distance ahead, and further instructed the jury that the violation thereof constituted negligence per se, and submitted to the jury an issue as to whether the defendant had violated this provision of said section.

No facts are pleaded in the amended petition, to which the provision of §12603 GC, that no person shall drive any motor vehicle in and upon a public road and highway at a greater rate of speed than will permit him to bring it to a stop within the assured clear distance ahead, is applicable.

In plaintiff's answer to defendant's cross-petition she pleads as one of the defenses to such cross-petition, that defendant was contributorily negligent in operating her truck in violation of such provision as to assured clear distance ahead, but such pleading in the answer to the cross-petition cannot be considered as adding to or modifying in any way the averments of the amended petition with reference to the negligence of the defendant, as plaintiff's right of recovery is measured by and limited to the allegations of her amended petition.

Furthermore, considering the statutory provisions relating to the operation of motor vehicles, together, it is clear that the pro-

vision as to assured clear distance ahead, above mentioned, is intended solely for the protection of persons, vehicles or objects in the same lane of traffic and has no application to situations such as in the case at bar where a vehicle properly in a lane of traffic suddenly departs therefrom and crosses the highway ahead of and into the proper lane of traffic of an approaching motor vehicle. The instruction as given was therefore erroneous and is of such character as to require reversal of the judgment.

(c) (d) It is the settled law of Ohio that in submitting a case to the jury it is the duty of the court to separate and definitely state to the jury the issues of fact made in the pleadings, accompanied by such instructions as to each issue as the nature of the case may require, and the failure of the court so to do constituted reversible error. **The Baltimore & Ohio R. R. Co. v. Lockwood, 72 Oh. St., 587; Jones v. Peoples Bank Company, 95 Oh. St., 253; Tilando v. Ohio Traction Company, 109 Oh. St., 125; Lima Used Car Exchange v. Hemperly, 120 Oh. St., 400, 405; Simko v. Miller, 133 Oh. St., 345, 352.**

Merely reading the pleadings to the jury or instructing the jurors that they could take the pleadings to their room so that they could inform themselves as to what each party or person is claiming, does not constitute a compliance with the legal requirement above mentioned. **The Baltimore & Ohio R. R. Co. v. Lockwood, 72 Oh. St., 587; Tilando v. Ohio Traction Company, 109 Oh. St., 125; Simko v. Miller, 133 Oh. St., 345, 352.**

In the instant case the court did not read the pleadings to the jury but instructed the jury that the issues in the case are made up from the pleadings and the evidence, and the pleadings are the instruments by which the parties set forth their claims and do not constitute evidence, but that the jury may accept as true, without proof, the admissions contained in them and that the pleadings had been read to them at the outset of the trial and that the court would only refer to them insofar as it is deemed necessary to outline the issues of the case to them.

At the close of the charge, the court instructed the jury that the "pleadings are not evidence but they are given to you to take to your jury room for the purpose to perhaps better enable you to understand the issues between the parties."

The court generally instructed the jury as to the issues joined by the amended petition and answer thereto, but failed to separate and definitely state to the jury the issues of fact made by the cross-petition of the defendant, the answer of the plaintiff thereto, and the reply of the plaintiff to such answer.

Under the rules above mentioned, the references in the charge to the reading of the pleadings, and permitting the jury to take the pleadings to the jury room so that they could inform themselves as to the issues between the parties, did not constitute performance

of the duty of the court to separate and definitely state to the jury the issues of fact made in the pleadings, and the failure of the court to separate and definitely state to the jury the issues of fact made by the cross-petition of defendant,. the answer of the plaintiff thereto, and the reply of the defendant to such answer constituted error requiring reversal of the judgment.

The charge of the court also failed to conform to the requirements of said rule, in certain respects hereinafter discussed under other assignments of error.

(e) The error complained of under this assignment of error is an error flowing from the failure of the court to separate and definitely state the issues of fact made by the cross-petition, the answer thereto, and the reply to such answer, and to instruct the jury that the violation of. the statutory provisions pleaaed in the cross-petition would constitute negligence per se.

If the issues of fact had been separately and definitely stated, with appropriate instructions as to the violations of the statutory provisions pleaded in the cross-petition, the instruction complained of as to the general principles of negligence being applicable to the acts of negligence pleaded in the cross-petition would not have been prejudicial, but, as given, was prejudicial to the defendant, requiring the reversal of the judgment.

(f) It is the general rule in Ohio that no burden rests upon the party seeking recovery of damages upon a cause of action based upon the negligence of the adverse party, to prove freedom from negligence, but where the testimony introduced by the party seeking such damages raises a presumption or inference of contributory negligence it is commonly stated that the burden rests upon the party seeking damages, to remove or rebut that presumption or inference by such proof as is sufficient to equal or counter-balance the evidence tending to show contributory negligence on his part, and that in making such proof such party is entitled to the benefit of any evidence that may be produced by the adverse party. 29 O. Jur., 659 to 664.

In the instant case an inference of contributory negligence on the part of the defendant arose from her own testimony to the effect that at the time the collision occurred she was operating her motor vehicle upon the wrong side of the highway. Further testimony of the defendant to the effect that the presence of her motor vehicle on the wrong side of the highway was caused by the sudden stopping of a motor vehicle proceeding ahead of her, and the evidence introduced by plaintiff as to the speed at which plaintiff's decedent was operating his automobile at the time he passed the tractor trailer, and as to the tractor trailer swerving to the right and decreasing its speed at the time of such passage, from which it might properly be inferred that the decreasing in speed or stopping of the automobile

ahead of defendant's truck, and the attempted stopping and consequent slipping and moving of defendant's truck across the highway into decedent's lane of traffic was caused by the negligence of plaintiff's decedent, which would constitute a legal excuse for the moving of defendant's truck into the wrong lane of traffic, tended to rebut such inference of contributory negligence on the part of the defendant.

The issues joined by the cross-petition, answer thereto and the reply to the answer, and the evidence above mentioned, presented a situation to which the rules above mentioned were applicable, and where the court properly should have instructed the jury as to such rules and their application to the issues of fact involved. Instead of so doing, the court, upon this phase of the case, merely instructed the jury that if they should find plaintiff's decedent was negligent and that such negligence directly and proximately contributed to the happening of the collision, and that the defendant herself was free from any negligence directly and proximately contributing to the happening of the collision, then in that case their verdict should be in favor of the defendant and against the plaintiff.

Defendant-appellant contends that this instruction improperly places the burden on defendant of proving her freedom from contributory negligence.

It will be noted from an inspection of the instruction that it does not purport to place the burden of proving contributory negligence on either of the parties, although it is so indefinite that the jury may have assumed that the burden of proving freedom from contributory negligence was upon the defendant. However, the chief defect in the instruction mentioned is that it did not inform the jury of the rules above mentioned and their application to the issues of fact presented. In the respects mentioned, the instruction was prejudicial to the defendant and requires reversal of the judgment.

The rule applicable to defects in charges of the character mentioned is stated in **2 O. Jur., at page 908,** as follows:

"A charge even though correct so far as it goes may be ground for reversal if it lays down a general rule without calling attention to the exceptions to, or limitations upon, the rule, within which the losing party claims to come."

(g) Appellant contends that the court erred in charging the jury as to the legal effect of the provisions of §12603 GC.

Under sub-division (a) of assignment of error number three we have already discussed the error of the court in instructing the jury of the provisions of said section as to a speed in excess of forty-five miles per hour, and the error of the court in charging upon the provisions as to assured clear distance ahead.

**130**

The further errors claimed by the appellant under this subdivision of assignment number three, are errors in instructing the jury that a violation of the provisions of the section would be negligence, and that it was the duty of the jury to determine whether a violation of this section was involved in the collision under consideration.

Except as to assured clear distance ahead, the speed regulations prescribed by §12603 GC, are general in character and the duties imposed are defined only in abstract or general terms, leaving to the jury the ascertainment and determination of reasonableness and correctness of the acts and conduct under the proven conditions and circumstances. The test prescribed to determine the lawfulness or unlawfulness of speed, is whether it is greater or less than is reasonable or proper under existing conditions.

Whether a speed is reasonable or proper is to be determined by the jury from a consideration of what a person of reasonable and ordinary prudence would do under existing conditions. **Swoboda v. Brown, 129 Oh. St., 513, 523.**

Prior to giving the instruction complained of, the court, in the instant case, had instructed the jury: "Whether the doing of an act or the failure to do an act is negligence or not is measured by the rule of ordinary care. And 'ordinary care' is such care as an ordinarily prudent person exercises or is accustomed to exercise under like or similar circumstances."

This instruction which the jury necessarily considered in connection with the instruction complained of, presented the correct test for the determination by the jury as to whether the speed in question was reasonable or proper under existing conditions, and the instruction complained of, as modified by the instruction mentioned, was therefore not erroneous. **Swoboda v. Brown, 129 Oh. St., 515, 523, 525.**

(h) Under this assignment the defendant-appellant contends that the court erred in not charging the provisions of §§6310-20, 6310-22 and 6310-28, GC., as applicable to the conduct of plaintiff, and in not charging upon the subject of legal excuse as applicable to the conduct of defendant in not conforming to specific statutory requirements in the operation of her truck.

The provisions of sub-division (a) and (b) of §6310-20, GC., prescribing rules of conduct for a vehicle overtaking another vehicle, and the vehicle so overtaken, and the provisions of §6310-22, GC, prescribing rules of conduct for drivers of vehicles before turning, stopping or changing their course, were applicable to the conduct of plaintiff's decedent, under the pleadings and the evidence, and the court erred to the prejudice of the defendant in not instructing the jury as to such provisions and the application thereof to the conduct of plaintiff's decedent.

**Section 6310-28 GC,** defining right of way, was inapplicable to

the issues of this case as no question of right of way was involved, and consequently the court did not err in not charging upon such provisions.

The appellant claims error of the court in not charging upon the subject of legal excuse for violation of the provisions of §12603 GC, relating to assured clear distance ahead, as applicable to the conduct of the defendant, but as hereinbefore stated in our discussion of sub-division (a) of assignment of error number three, the violation of the provisions of said section relating to assured clear distance ahead was not applicable to defendant's conduct.

The statutory provisions applicable to defendant's conduct appear in §6310-17, GC, and read as follows:

"Vehicles shall keep to the right side of the center or center line of the highway except as otherwise provided herein."

There is no evidence tending to prove that the defendant comes within any statutory exception to the general rule stated.

However, upon reasoning and principle. the same general rule as to legal excuse for violation, which has been applied to a violation of the assured clear distance ahead provision of §12603 GC, applies to a violation of the above quoted provision of §6310-17, GC, and other similar statutory provisions.

As applied to the provisions of §6310-17, GC, the rule is that an operator of a motor vehicle who has failed to comply with this provision may excuse such failure and avoid the legal imputation of negligence per se by establishing that without his fault and because of circumstances over which he had no control, compliance with the law was rendered impossible. **Kormos v. Cleveland Retail Credit Men's Company, 131 Oh. St., 471; Hangen v. Hadfield, 135 Oh. St., 281; Smiley v. Spring Bed Company, 130 Oh. St., 81.**

In the instant case, as hereinbefore stated, there is evidence coming within the pleadings from which a jury might infer that the violation by the defendant, of the statutory provision mentioned, was caused by the negligence of plaintiff's decedent before changing his course to pass the tractor trailer to make sure that such movement could be made in safety, and in operating his automomile at an excessive rate of speed.

Under the rule mentioned, such conduct on the part of plaintiff's decedent would constitute a legal excuse for the defendant for a violation by her of the provisions of §6310-17 GC.

The court therefore erred in not instructing the jury as to such rule and its application to the facts in evidence.

(i) Under this assignment of error the appellant contends that the court erred in not charging upon the inference of negligence arising from decedent's own conduct.

This assignment of error has been fully discussed under subdivision (f) of assignment three, in which it is held that such failure constituted error.

It is the duty of this court as a reviewing court to consider only such errors as are assigned and argued in appellant's brief, and in considering the general assignment of error in the charge and the various sub-divisions of such assignment, we have, in conformity with our duty, considered only such errors as are assigned and argued by appellant, and such statutory provisions and rules of law as are applicable thereto.

4. Under this assignment the appellant contends that the court erred in admitting in evidence in behalf of plaintiff over defendant's objection, a question propounded to plaintiff, and her answer thereto. The question objected to is: "What are you now doing for a living Mrs. Thompson?" The answer objected to is: "I have a mother's pension. That is all the support I have. I.have no other income."

An inspection of the record discloses that such question was asked, and objected to by defendant and the objection overruled. This question was not answered. The question was then asked: "What are you doing now as a means of support for yourself and children?" to which the answer above mentioned was given. No objection was made by the defendant to this question or answer. This question and answer were not properly admissible in evidence, but no objection having been made, the claimed error cannot be considered as a ground for reversal.

5. Upon an inspection of the record we find that there is substantial, credible evidence tending to support the verdict and that the verdict of the jury is neither contrary to law nor against the weight of the evidence.

For the errors in the general charge, hereinbefore mentioned, the judgment will be reversed and the cause remanded for a new trial and further proceedings according to law.

KLINGER, P. J., GUERNSEY and CROW, JJ., concur.