# Hewitt's Adm'r v. Central Truckaway System et al. (two cases).

May 31, 1946.

460

Sawyer A. Smith and H. W. Willen for appellant.

Stanley Mayer and F. S. Connely for appellees.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

On the morning of December 21, 1945, a Plymouth car driven on highway U. S. 42 by Harry Brent Hewitt, in which his wife, Catherine Daulton Hewitt, was also riding, collided five or six miles south of Warsaw with a large truck of the Central Truckaway System driven by its agent and servant, Arthur Bohn. Both the Hewitts were killed and H. Coleman Daulton qualified as administrator of each and filed two suits against the company and Bohn wherein he sought to recover $50,000 in damages for the estate of each decedent. By agreement the two cases were tried together. At the conclusion of the administrator's evidence a verdict was directed in favor of the defendants, and this appeal followed.

There is practically no contrariety in the evidence. The highway is concrete 18 or 20 feet wide, and on the morning of the accident was described as "awfully slick" due to snow and ice. The Hewitts were driving north in a 1935 Plymouth, while Bohn was driving south a truck to which was attached a double-deck trailer used to transport automobiles. The combined length of this truck and trailer was 40 feet and its weight in the un-loaded condition in which it was traveling was 12,000 pounds. The truck with the trailer attached will be referred to hereinafter as the truck.

The only eye-witness to the collision was Bohn, the driver of the truck, who was called as if upon cross-examination by appellant. He testified that when he first saw the Plymouth it was about 200 feet distant, coming around a curve. It was skidding due to the slippery condition of the road and was approaching the truck crosswise on the truck's side of the road and it continued skidding in this manner until the impact. Bohn was driving at a speed of about 30 miles per hour, and as he expressed it, "You don't hold 30 just all the time, once in a while it varies a little bit up or down." He made only a slight application of his brakes so that his truck would not skid, cut off his gas and pulled over to his extreme right side of the road to give the car room to pass. The right side of the car hit the left front side of the truck which had practically stopped, and knocked it over an embankment at the edge of the road. Bohn further testified that had the road been dry, he could have stopped his truck in one-half the distance required to stop it on this occasion.

Charles D. Hall, Sheriff of Gallatin County, went

to the scene of the accident shortly after it occurred. He testified that the tracks in the snow showed the right wheels of the truck went off the highway 105 feet from the point of collision—he stepped the distance. He further testified the collision occurred on the truck's side of the road and that the right side of the car struck the truck.

Appellant's brief calls our attention to KRS 189.-390(3), which provides:

"No person shall operate any motor truck or semi-trailer truck on a highway outside cities at a greater speed than thirty miles per hour, if its gross weight, including load, exceeds five thousand pounds."

Also, our attention is directed to subsection (1) of this statute which provides:

"No operator of a vehicle upon a highway shall drive at a greater speed than is reasonable and prudent, having regard for the traffic and for the condition and use of the highway."

It is insisted by appellant that as this heavy truck and trailer were making the maximum speed permitted by law, it was a question for the jury to say whether Bohn was traveling at a greater speed than was reasonable and prudent and whether he had his vehicle under control, when regard is given to the fact that the highway was in a slippery condition due to snow and ice. It is further insisted by appellant that it cannot be said as a matter of law that this accident was caused by the negligence of Hewitt, the driver of the Plymouth, merely because his car skidded on an icy highway to the truck's side of the road.

It seems to be the universal rule that one may be negligent though not exceeding the statutory speed limit, and may not be negligent though exceeding it, and that the evidence of speed as well as that of all attendant circumstances must be considered in determining whether or not the driver of an automobile has exercised reasonable care as to speed and in having his vehicle under control. 1 Blashfield, Cyclopedia of Automobile Law and Practice, p. 526, sec. 732; Utilities Appliance Co. v. Toon's Adm'r, 241 Ky. 823, 45 S. W. 2d 478; Diamond Taxicab Co. v. McDaniel, 258 Ky. 478, 80 S. W. 2d 562; Hunt v. Whitlock's Adm'r, 259 Ky. 286, 82 S. W. 2d

364; Thompson v. Kerr, Ohio App., 51 N. E. 2d 742. See annotations in 28 A. L. R. 952. Also, it is the general rule that the skidding of a motor vehicle on a slippery highway is not negligence per se, but the driver must take into consideration the slippery condition of the road, and if there is evidence that the skidding was superinduced or accelerated by him, then it is for the jury to determine whether or not the skidding resulted from the driver's negligence. Atlantic Greyhound Corp. v. Franklin, 301 Ky. 867, 192 S. W. 2d 753, and authorities therein cited.

The weakness in appellant's case is that it is not shown that the manner in which the truck was being operated had any causal connection with the accident. It is written in 45 C. J. sec. 482, p. 911; "To constitute proximate cause creating liability for negligence the injury must have been the natural and probable consequence of the negligent act." Here, Bohn, the driver of the truck, for a distance of 105 feet before the collision was driving it so far to the right of the center line of the road that its right wheels were off the pavement and in that distance he had reduced his speed from approximately 30 miles per hour to practically nothing. The Plymouth was traveling in the opposite direction from that in which the truck was going and it was skidding crosswise of the road and was completely out of its driver's control as its right side collided with the left front of the truck. The truck merely happened to be the object which the car struck as it skidded off the wrong side of the road and the manner in which the truck was being operated just immediately preceding the collision was not the proximate cause of the fatal injury. Indeed, it had no more connection with the accident than any inanimate object standing on the right edge of the road against which the car might have skidded. Rabold v. Gonyer, 285 Ky. 618, 148 S. W. 2d 728; J. C. Wells Bus Co. v. Kennard, 288 Ky. 507, 156 S. W. 2d 873.

It is argued for appellant that Bohn should not be allowed to create an emergency by operating his truck at an excessive speed and without having it under reasonable control, and then to escape liability on the theory that he did all he reasonably could to avoid the accident with the means at hand, citing such cases of Knapp v. Gibbs, 211 Ky. 278, 277 S. W. 259, and Kelly v. Marshall's Adm'r, 274 Ky. 666, 120 S. W. 2d 142.

With this we readily agree. But in this instance the manner in which the truck was being operated had no connection with the fatal predicament ,in which appellant's decedents were caught. The only duty the driver of the truck owed decedents after discovering their peril was to use ordinary care with the means at his command to avoid the collision. We have many times written that when the last clear chance rule makes its entry on the stage, all antecedent negligence of either party retires from the case and the only question left is whether or not the defendant exercised ordinary care with the means at hand to prevent the injury. Braden's Adm'x v. Liston, 258 Ky. 44, 79 S. W. 2d 241, contains a full and exhaustive discussion of the subject.

The uncontradicted evidence shows that the Plymouth skidded into the truck about the time the latter came to a stop on the extreme right of its side of the road with its right wheels off the pavement. Therefore, it would appear that the presence of the truck was but a condition and not the cause of the deaths and there is no room for the last clear chance doctrine, as was said in the Braden opinion. Be that as it may, the resume of the evidence given above shows that Bohn, the driver of the truck, used ordinary care with the means at hand to avert the accident. When the Plymouth first came into sight 200 feet distant, Bohn cut off his gasoline, pulled his truck to the extreme edge of the road with his right wheels off the pavement and brought his vehicle practically to a stop in a distance of 105 feet—just a little more than two and a half times its length. It is difficult to conceive what more he could have done to avert the accident.

The trial judge properly directed verdicts for the defendants and the judgments are affirmed.