James **WHITESIDES**, doing business as Whitesides Cab Company, and James Cleveland, Appellants,

v.

Roscoe **REED**, Adm'r of the Estate of Delmo Lucas, Deceased, Appellee.

Court of Appeals of Kentucky.

May 10, 1957.

Rehearing Denied Nov. 22, 1957.

Wheeler & Marshall, Thomas J. Marshall, Jr., Paducah, for appellants.

Goheen, Schultz & Shelbourne, Francis T. Goheen, Paducah, for appellee.

BIRD, Judge.

Delmo Lucas, a pedestrian, was struck and killed by a taxicab at the intersection of Sixth and Tennessee Streets in Paducah, Kentucky. Damages in the sum of $10,000 were awarded the administrator upon a jury verdict against both the owner and the operator of the taxicab. Motions for judgment notwithstanding the verdict and for a new trial were filed on behalf of both defendants and were overruled. They appeal and insist that the judgment should be reversed upon the following grounds:

(1) The evidence failed to establish negligence of the defendants, but did establish decedent's negligence as a matter of law and the trial court therefore erred (a) in refusing to direct a verdict for the defendants and (b) in refusing to enter a judgment for defendants notwithstanding the verdict; and, (2) the court erred in submitting the case to the jury under the "doctrine of last clear chance".

■ Concerning the first ground, closest scrutiny has been given the testimony of all witnesses, and every circumstance favorable to the plaintiff's cause. Yet, we find no proof of actionable negligence on the part of the cab driver. However, neither this finding nor a finding of contributory negligence as a matter of law would authorize this court, under our Rules of Civil Procedure, to hold that the trial court erred in refusing to direct a verdict and in subsequently refusing to enter judgment notwithstanding the verdict, because we find no motion for a directed verdict in the record. However, the trial order does recite that such a motion was made, but no grounds for the motion appear there or elsewhere in the record.

■ It is provided in CR 50.01 that "a motion for a directed verdict shall state the specific grounds therefor". Not knowing what grounds were stated, we can not determine whether the trial court erred in its ruling. When the motion has been overruled, it is mandatory that the grounds appear in the record on appeal. Kentucky Civil Rules 50.01 and CR 50.02 have their counterparts in 50(a) and 50(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. In dealing with this same question it was held in Virginia-Carolina Tie & Wood Co., Inc., v. Dunbar, 4 Cir., 106 F.2d 383, 385, as follows:

"The first question does not properly arise upon the record; for, although plaintiff's counsel did move for a directed verdict and excepted to the refusal of the court to grant same, the record does not show that they stated any grounds of motion, as expressly required by rule 50(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Prior to the adoption of this rule, there was conflict in the decisions of the federal courts as to the necessity for stating the grounds of a motion for directed verdict. New York Life Insurance Co. v. Doerksen, 10 Cir., 75 F.2d 96, 100. Rule 50(a) has settled that conflict, however, by providing that 'a motion for a directed verdict shall state the specific grounds therefor'. Moore Federal Practice, Vol. 3, p. 3107; Simpkins Federal Practice, 3d ed., p. 480. And we think it important that this requirement of the rule be observed, particularly in view of the enlarged powers granted the court with respect to such motions by rule 50(b), as otherwise judgment might be entered on such a motion after the close of the trial and on a ground which could have been met with proof if it had been suggested when the motion was made. We do not mean to say that technical precision need be observed in stating the grounds of the motion, but merely that they should be sufficiently stated to ap-

prise the court fairly as to movant's position with respect thereto".

■ We agree with the holdings in the foregoing excerpt and must therefore conclude that, for the purposes of this appeal, no motion for directed verdict was made. The motion for judgment notwithstanding the verdict, made under CR 50.02 and CR 50.03, is wholly dependent on the motion for directed verdict, and it therefore follows that, for the purposes of this appeal, such motion was never made. See Clay, Kentucky Civil Rules p. 449, Section 2. Also Carr v. Kentucky Utilities, Ky., 301 S.W. 2d 894.

We are confronted with a situation analogous to that found in Home Insurance Co. of New York v. Davila, 1 Cir., 212 F.2d 731 733, in which the proper rule for our situation is expressed in the following words:

"In the instant case, defendants made no motion for a directed verdict at the close of all the evidence, under Rule 50(b); nor did they, after the jury had returned its verdict for the plaintiff, move for judgment notwithstanding the verdict. In the present posture of the case, even though we thought that the evidence was not sufficient to sustain the jury's verdict, we could not upon remand direct the district court to vacate the judgment for the plaintiff and enter judgment for the defendants notwithstanding the verdict. See Cone v. West Virginia Pulp & Paper Co., 1947, 330 U.S. 212, 67 S.Ct. 752, 91 L.Ed. 849; Globe Liquor Co., Inc., v. San Roman, 1948, 332 U.S. 571, 68 S.Ct. 246, 92 L.Ed. 177; Johnson v. New York, N. H. & H. R. Co., 1952, 344 U.S. 48, 73 S.Ct. 125, 97 L.Ed. 77. We could, of course, reverse for errors in admission or exclusion of evidence, or errors in instructions to the jury; but in that event the case would have to be remanded for a new trial or other proceedings not inconsistent with our opinion".

Having decided to follow the foregoing Federal decisions it is obvious that appellants are not entitled to the relief sought in their first named grounds for reversal.

■ We now face the second ground advanced for reversal. Did the trial court err in submitting the case to the jury under the doctrine of last clear chance? That we may deal fairly with the question, let us assume, as claimed by appellee, that the cab driver was negligent, first, in not seeing the decedent as he came rapidly out of the restaurant door across the sidewalk onto the pavement, second, in driving at an unreasonable rate of speed, and third, in not yielding the right-of-way to decedent. Let us then assume, as claimed by appellant, that decedent was guilty of contributory negligence in blindly placing himself in a position of peril so as to be barred from recovery except by invocation of the doctrine of last clear chance. Though we may have all of the negligence mentioned in the foregoing assumptions, yet, before liability attaches under the "doctrine", there must be further negligence of the cab driver after decedent's peril was created, and this negligence can not be established by surmise or speculation. It must be shown by evidence that the decedent's peril existed, that the driver had not only a last chance but a clear chance to avoid striking him, and that he negligently failed to do so. Galloway v. Patterson, 312 Ky. 862, 229 S.W. 2d 960; Kentucky & West Virginia Power Co. v. Lawson, Ky., 240 S.W.2d 843; Johnson v. Morris' Adm'x, Ky., 282 S.W.2d 835.

■■ Decedent's peril did not exist until he placed himself in or so near to the path of the cab as to be in danger of being struck by it. The negligence of the parties before that time is no longer operative against either of them, and the only question left is whether or not the cab driver, after that time, exercised ordinary care with the means at hand to avoid striking him. Hewitt's Adm'r v. Central Truckaway System, 302 Ky. 459, 194 S.W.2d 999. It was plain-

tiff's burden to prove that the cab driver failed to exercise that care. In this, the plaintiff failed, there being no evidence of the cab driver's negligence after decedent placed himself in a position of peril.

Though the doctrine of last clear chance is also known as the doctrine of discovered peril, the question of discovery is immaterial when there is no evidence of negligence after the creation of the peril, a situation we have here. The trial court erred in giving an instruction on last clear chance and the judgment is therefore reversed for proceedings not inconsistent with this opinion.