CLEMENT BROTHERS CONSTRUCTION COMPANY, Appellant,

v.

Robert Lee MOORE, Appellee.

Court of Appeals of Kentucky.

June 13, 1958.

Henry L. Bryant, Pineville, for appellant.

Lay & Knuckles, W. R. Lay, Grant F. Knuckles, Pineville, James S. Greene, Jr., Harlan, for appellee.

CAMMACK, Judge.

This action to recover damages for personal injuries sustained in an auto-truck collision was instituted by the appellee, Robert Lee Moore, driver of the auto involved, against the appellant, Clement Brothers Construction Company, owner of the truck. The appellee claimed $28,000 for pain and suffering, permanent injury and hospital and medical expenses. This appeal is from a judgment on a verdict awarding the appellee $16,000.

The appellant contends that reversal should be granted because (1) the evidence does not support a finding of negligence on its part, (2) the appellee's contributory negligence was the proximate cause of the accident, (3) the premature trial of the case denied benefits of discovery, (4) incompetent evidence as to the truck's speed was admitted, (5) improper instructions were given, (6) the verdict is contrary to law and excessive, and (7) the complaint was fatally defective.

The collision occurred on the south side of Little Log Mountain between Pineville and Middlesboro at about 11:00 p. m. on the cold and blizzardous night of December 9, 1955. Snow and ice covered the highway and it was described as "awfully slick." The appellant's truck, being driven by Fred Dover Clark, and carrying Leo J. Todd as a passenger, was traveling south down the mountain toward Middlesboro. A new 1956 Chevrolet owned by Eager Branson was being driven north up the mountain toward Pineville by the appellee. Eli Sparks was a passenger in the auto. The evidence is conflicting as to what happened from the time these two vehicles were some 250 to 300 feet apart until after the collision when both came to rest on the right-hand side of the highway going south.

The appellee's version of the collision follows:

"Well, the road was slick and I wasn't driving fast and I slowed my speed when I seen this truck weaving, and he got the truck in an angle across the road and I seen a man on the driver's side standing on the running board and another man on the opposite side standing on the running board. The truck kept weaving and coming on toward me. When I seen the man on the driver's side jump off the truck and run to the opposite side of the road and the man on the opposite side of the truck jumped off and ran from the truck. I didn't see the man on the op-

posite side of the truck jump, but I saw him running from the truck; and it seemed like something gave the truck a shove and it run on into me."

The story of the truck driver was:

"Well, there is a grade on this side of the hill, I mean coming up the North side, and I was in third gear pulling the grade, and it is kindly flat on top. I put it into low gear to hold back down the hill, because I knew the hill was there and the road was in bad condition, so I wanted to go slow; and I was going down the hill at about twenty miles an hour and you go around a curve like, kindly a curve, near the top, and I got down approximately two hundred feet, I guess, this side of the school house and I saw the car coming. Well, I saw the car coming before I got that far, after I got in the straight; and I dimmed my lights and he dimmed his lights, as I recall. I kept proceeding on down the road like I would anytime. I mean the truck was well under control, and when I got right up at this car, seemed like twenty-five or thirty feet the best I could tell, the car just swerved across the road in front of me and hit me directly in front of my truck, hit about the right front of his car, the Chevrolet, and from the impact of that my knees went against the dash and left marks where my knees hit, and the steering wheel was bent a little where my body pressed against it. It stopped and I got out and asked Todd was he hurt. He said he wasn't."

The truck driver's testimony is corroborated to a large extent by the testimony of his passenger, Leo J. Todd. The appellee's passenger, Eli Sparks, was killed, but Howard Middleton, a passenger in an auto which was following closely the Chevrolet, said that the truck was weaving down the highway at a speed of 40 or 45 miles per hour when it struck the appellee's car. Middleton saw no one in or around the

truck when he arrived at the scene immediately after the collision.

An odor of beer permeated the Chevrolet and three full, two empty and one partially empty beer cans were found therein. The appellee said that Eli Sparks drank the beer and that he had drunk none himself. The appellee's doctor said that in his opinion Moore had not been drinking intoxicants prior to the collision. The doctor stated that he gave the appellee some whiskey prior to his examination by a police officer who detected the odor of alcohol on the injured man's breath. The ambulance driver who carried Moore from the scene of the collision to the hospital detected an odor of beer around the car and on Sparks, but did not detect such an odor on Moore. The drinking question was included in the interrogatories discussed hereinafter.

■ The appellant argues that the operator of a motor vehicle is not liable for injuries resulting from its skidding on an icy street or road in the absence of evidence that the skidding resulted from his negligence. See Atlantic Greyhound Corp. v. Franklin, 301 Ky. 867, 192 S.W.2d 753. In that case all of the witnesses who noticed the speed of the vehicle and the manner of its operation immediately preceding the accident testified to facts which conclusively showed the driver to be guilty of no negligence. In the instant case there is evidence that the heavily loaded truck was being driven at a speed of 40 or 45 miles per hour down an icy mountain side and was abandoned by the driver before the vehicles collided. When there is evidence that skidding was superinduced or accelerated by the driver, it is for the jury to determine whether the accident resulted from his negligence. Hewitt's Adm'r v. Central Truckaway System, 302 Ky. 459, 194 S.W. 2d 999. We believe the evidence in this case presented a question for the jury.

■ The appellant urges that the sudden appearance of the car in the path of the

truck showed contributory negligence on the part of its driver and was the proximate cause of the collision. Were we to accept the appellant's version of the collision the alleged sudden appearance of the car could very well have been a proximate cause of the wreck. If the car's sudden appearance were due to negligence on the part of the appellee rather than due solely to the condition of the road, it would constitute contributory negligence, provided the appellant was primarily negligent. But, according to the appellee's evidence, the collision occurred on his side of the road and thus there was no sudden appearance on his part. Under the circumstances the question was properly left to the jury for determination.

■ The appellant contends that the case should not have been tried until it had the benefit of discovery. The collision occurred on December 9, 1955, the complaint was filed April 18, 1956, and the case did not come to trial until February 28, 1957, more than one year and two months after the cause of action arose. Nevertheless the record shows that the appellant tried on various occasions to subpoena the witness Howard Middleton for the purpose of taking his deposition, but the subpoena could not be executed, the sheriff being unable to locate the witness. A subpoena for another witness who did not appear at the trial was also returned unserved. The subpoena procedures were in accord with CR 26 through CR 37. The appellant attempted to introduce evidence concerning its diligence in attempting to locate these witnesses and excepted when the trial court sustained the appellee's objection to the introduction of the evidence.

■ We believe the trial court acted correctly both in overruling the appellant's motion for a continuance and in sustaining the appellee's objection to the evidence pertaining to the appellant's diligence in attempting to locate the witness. Had the appellant been surprised at the trial it would have been protected amply by CR 59.01 and CR 60.02. Whether or not the appellant might have been surprised was a matter for the court to determine in the event the appellant asked for a new trial, and that question was properly excluded from the jury. The jury was concerned with the merits of the claims and not the procedures followed in preparing the case for trial. Furthermore, the testimony actually elicited from Middleton on the trial merely corroborated to some extent the appellee's version of the accident, and constituted nothing new or surprising. The appellant was not entitled to a new trial on this ground nor on the speculation that had it been able to find the witness who did not appear "something might have developed that would have required other depositions to be taken and further investigation to be made."

■ The appellant claims that evidence given by the witness Howard Middleton concerning the speed of the truck was incompetent because the witness was in no position to estimate the speed. We have said that the opinion of a witness as to the speed of a vehicle may be rejected because of insufficient opportunity for observation. See Bowling Green-Hopkinsville Bus Co. v. Edwards, 248 Ky. 684, 59 S.W. 2d 584. In that case the full recitation of evidence indicated that the opinion given was but a "hazardous" guess made on the instant of passage of two vehicles. In the instant case the witness was in full view of the truck during its descent of the hill. We believe that his estimate represented more than a "hazardous guess" and that it was proper to allow the jury to determine the weight to be given it.

■ The appellant contends that the following provision, contained in Instruction I given by the trial court, was erroneous and prejudicial:

"* * * to operate the said vehicle (the truck) upon his right-hand

side of the highway whenever possible and not to pass to the left-hand side of the highway unless the left-hand side of the highway presented a clear and unobstructed view for a distance of one hundred fifty feet ahead;  * * *"

It argues that the appellee's evidence was that the truck was out of control for a distance exceeding one hundred and fifty feet from the place of the collision and thus it was not "possible to operate the said vehicle on his right-hand side of the highway." Whether the truck passed to the left-hand side of the highway at a distance exceeding one hundred and fifty feet is unimportant, so long as its being there was due to the negligence of the appellant's driver and also it remained there within one hundred and fifty feet of the place of the collision, unless the jury could have found that the appellee had ample opportunity to see and avoid the truck. Under such circumstances the quoted portion of the instruction was favorable rather than prejudicial to the appellant. It must be remembered that according to the appellant the truck never left its right-hand side of the highway. Furthermore, an instruction on contributory negligence was given which covered adequately the appellant's version of the accident. We do not believe an instruction on unavoidable accident was warranted by either version of the facts which gave rise to the collision.

■ The appellant contends that the court erred in not submitting written interrogatories to the jury, thus requiring it to "consider carefully" the important issues of the action. The appellant included such interrogatories in its offered instructions. Whether or not a case should be submitted to the jury on interrogatories, thus requiring specific answers to major issues as well as finding a general verdict, is within the discretion of the trial court. Clay, CR 49.02, p. 441. We are not disposed to say that the trial court abused its discretion in this instance.

■ It is argued that the verdict is contrary to law and excessive. The argument on the law is that an instruction requiring the appellee to give reasonable clearance to the truck should have resulted in a verdict for the appellant when the facts showed the shoulder on the appellee's right-hand side of the road to be nine feet in width. We do not believe the circumstances, which included ice, snow, and an emergency situation, according to his version of the collision, required the appellee to leave the main traveled portion of the highway in order to give clearance to the truck. Furthermore, the contributory negligence alleged by the appellant was the appellee's failure to keep the car he was driving on the right-hand side of the road going north, rather than failure to allow clearance for the truck on that side of the road.

■ The verdict of $16,000 was not excessive when we consider the evidence of probative value which warranted the jury in finding that the 49 year old appellee, who, prior to the accident, earned $300 to $350 per month, suffered 50 per cent permanent partial disability due to painful injuries received in the collision.

■ The final point urged for reversal is that the complaint was fatally defective in that it failed to indicate whether the status of Clement Brothers Construction Company was that of a partnership or a corporation. We are not disposed to say that the defect alleged comes within the scope of CR 12.02(6). The complaint in the instant case stated sufficiently a claim against Clement Brothers Construction Company. Any question concerning the legal entity of that Company was waived through failure to raise it by specific negative averment. CR 9.01. The appellant, Clement Brothers Construction Company, regardless of its status, was found liable to the appellee for his personal injuries.

Judgment affirmed.