## J. C. Wells Bus Co. v. Kennard.

Dec. 2, 1941.

508

R. W. Keenon and Nickell & Nickell for appellant.

Walter M. Gardner and Floyd Arnett for appellee.

Opinion of the Court by Stanley, Commissioner—Reversing.

The judgment is for $2,200 for personal injuries.

The appellant, J. C. Wells, under the business name of J. C. Wells Bus Company, operated a seven-passenger automobile as a common carrier between Morehead and West Liberty on the afternoon of January 31, 1940, and the appellee, Mrs. Velma P. Kennard was the only passenger. An automobile of Kenneth Fairchild skidded on the icy road into the path of appellant's automobile. The appellee was thrown against the front of the car and suffered some bruises and cuts. She also attributes a miscarriage to her injuries, but there is no direct evidence that they were the cause.

As we understand the situation, looking eastwardly in the direction the so-called bus was traveling, the road in front of Brown's store is practically level and continues so for about 150 feet, then rises on a considerable grade. The store is on the north and outer side of a curve. Above the store on the other side of the road and inside the curve is a little garage. As the road ascends it turns in the other direction or to the right, thus forming a broad "S" curve. On the afternoon of the accident the highway was covered with ice and snow. The plaintiff testified that when the car got to the store she

saw Fairchild's automobile start sliding over to the wrong side of the road, then she lost sight of it at the garage, and then "as we started up the grade the car slid over on the bus's side of the road and they just hit together." The driver was "making 55" miles an hour as he came into the curve, "but as he come around the curve he kept slowing down." It was going this rate when she first saw the other automobile. She testified that she had not ridden in cars "much" and when asked, "How do you know what the bus was making," answered: "I don't know." The witness undertook to point out on a rough diagram the location of the two cars when she first saw the Fairchild automobile and where the collision occurred. She was not clear on cross-examination as to these points. She stated that when the Fairchild car came in view after they passed the garage it had already skidded to the wrong side of the road into their path. She "imagined" after that the car slid 95 feet. She paid no attention to the speed along here and didn't know how fast the car was going after she had seen the other car sliding. The bus was on its right side all the time.

Kenneth Fairchild, a deputy sheriff, testified that he had afterward measured the distance and that his car had slid 95 feet before it struck the bus practically head-on. He first saw it about the garage, 500 feet away, and the bus was traveling faster than he was. He guessed he was driving around 15 miles an hour as he went around the curve, but about the time he began to slide he did not look to see as he was trying to get out of the road. It was when he put on his brakes that his car skidded diagonally for about 65 feet over in front of the bus. He paid Wells for the damage to the bus, which was $40 or $45. Jim Henry, who was in the Fairchild car, says they came around the curve at 25 or 30 miles an hour and were going not over 15 m. p. h., when it started to slide. It slid about 50 feet on the right side and then about 40 feet to the left side of the road. He first noticed the other car when it was about the garage, which was about the time the Fairchild car began to slide. He imagined or guessed it traveled 300 or 400 feet while their car went 90 feet. He qualified this by saying that it came about two-thirds of the way while they went one-third. Forrest Williams, also a guest in Fairchild's car, testified when he first saw appellant's

car it was closer than the garage and the Fairchild car was skidding at that time. He guessed the car was going 20 or 25 miles an hour as it went around the curve, but only about 10 m. p. h., when the car struck. The County Road Engineer went to the scene about 10 days before the trial with plaintiff's father and her lawyer and Fairchild and made some measurements. It was 450 or 500 feet from the garage to the point of the accident. Some testimony, more or less incompetent, was introduced to show defendant's automobile could have been stopped in a short distance.

The defendant's proof by his driver, the merchant Brown, and four men who were standing in front of the store is in substance that the bus slowed down at the store to see if there were any passengers. It continued slowly up the hill, not over 20 m. p. h. The Fairchild car skidded 40 or 50 feet over in front of the bus which was as far over on its side of the road as it could possibly get. They estimate the distances between the several points different from plaintiff's witnesses. The driver testified he saw the other car when it was about 60 feet from him, coming about 40 m. p. h. Fairchild put on his brakes and the car started skidding towards his side of the road. He pulled over and slowed down the best he could. He was not moving over seven or eight m. p. h., and went about 25 or 30 feet before the collision. He could not apply his brakes in safety to his passengers.

The claimed negligence is, essentially, that the appellant's driver ran at an excessive speed after he saw or should have seen the other car skidding and but for that speed he could have averted the collision. The record does not show that the plaintiff testified that she saw the speedometer as the car came into the curve beyond the store, as her counsel say in brief. She did not qualify to testify as to speed. Bowling Green-Hopkinsville Bus Company v. Edwards, 248 Ky. 684, 59 S. W. (2d) 584; Risen v. Consolidated Coach Corporation, 274 Ky. 342, 118 S. W. (2d) 712. She testified that when the car in which she was a passenger was at Brown's store she saw the other car sliding to the wrong side of the road. Her evidence as to distances is practically destroyed by her other testimony, and is so contrary to testimony of her other witnesses and the admitted physical facts, that it has no evidentiary value. Hauser v.

Public Service Company of Indiana, 271 Ky. 206, 111 S. W. (2d) 657; Lambert v. Miller's Adm'r, 277 Ky. 64, 125 S. W. (2d) 1019. The most that can be said on the matter of speed is that the cars were in sight of each other for 500 feet and both going very slowly. While the Fairchild car was running and sliding 95 or 100 feet, appellant's car ran four times that far. But the comparative speed does not establish negligence. The speed was incidental and had no causal relation to the accident. Rabold v. Gonyer, 285 Ky. 618, 148 S. W. (2d) 728. The evidence does not prove the defendant's driver did not have his car under control or was exceeding the prima facie speed limit. If it be granted that had he been on the lookout he would have seen the approaching car 750 feet away, still that does not prove him negligent in going ahead. The Fairchild car was slowly coming down the hill, wholly on its own side, until it got within 40 or 50 feet of the defendant's car and then it gradually slid over in front of it while its driver was doing the best he could under the circumstances to stop on the slippery road.

We have quite a similar state of facts in Risen v. Consolidated Coach Corporation, supra. A passenger on a bus going uphill was injured when a truck coming down hill skidded on the ice to the wrong side of the road and struck the bus. She sued both the owner of the truck and the owner of the bus for damages. The drivers of the two machines saw each other possibly 1,000 feet away. The bus had practically stopped when the other car skidded into it. We did not conceive it to have been the duty of the bus driver to "stop still" when he "saw the crazy antics of the approaching and uncontrollable automobile down the hillside." [274 Ky. 342, 118 S. W. (2d) 714.] It was not developed that had he stopped the bus sooner the collision would have been avoided. The driver was placed in an emergency, and we held the trial court properly directed a verdict for the bus company.

Let it be charged up to the defendant's driver that he saw the other car coming at so great a distance as appellee claims he should have seen its peril. It was in its own path until Fairchild applied his brakes and caused it to skid over in front of plaintiff's automobile, which had been brought practically to a stop. Until he saw it, the driver could not have been expected to know

that the approaching car was sliding instead of running on its own power and was not under control so long as it was on its own side of the road and not zigzagging, or, to use Judge Thomas' expression in the Risen case, engaged in "crazy antics." It is not shown that the defendant's driver might have done other than what he did do to avert the collision without endangering the safety of his passenger by his own negligent act. Lyons v. Southeastern Greyhound Lines, 282 Ky. 106, 137 S. W. (2d) 1107. We are of opinion, therefore, the court should have directed a verdict for the defendant. We do not consider any other question.

Judgment reversed.