Murle D. GULLION et al., Appellants,

v.

Carl L. EWRY et al., Appellees.

Court of Appeals of Kentucky.

Nov. 25, 1964.

John Lane Ackman, Williamstown, for appellants.

William G. Reed, Alfred W. Minish, Carrollton, L. T. Peniston, New Castle, for appellees.

MONTGOMERY, Judge.

Carl L. Ewry recovered judgment based on a verdict against Murle D. Gullion in the sum of $1,167 for damages arising from a collision between their automobiles. Ewry sued Gullion, who filed an answer and counterclaim. Barnie Arlene Gullion, Murle's wife, also interpleaded and asserted a claim for personal injury. The Gullions appeal and contend that: (1) He was not guilty of any neglience; (2) Ewry was guilty of negligence as a matter of law; and (3) a summary judgment of dismissal should not have been rendered on their claim against United Electronics Institute.

The motion for summary judgment was supported by an affidavit. No counter-affidavit was filed and no response was made. The substance of the uncontradicted affidavit was such as to show United Electronics Institute to be free of liability. On this record the court had no alternative except to accept the facts stated in the affidavit and sustain the motion. Continental Casualty Company v. Belknap Hdwe. & Mfg. Co., Ky., 281 S.W.2d 914. The granting of the summary judgment was correct.

The collision occurred near the summit of a hill and the intersection of U. S. 42 and a farm road at about 7 p. m. on December 23, 1961. The road was crooked and hilly. The weather was a mixture of rain and snow.

Ewry testified that his car was traveling eastwardly on U. S. 42; that when he was about 400 or 500 feet from the summit of the hill he noticed the glow of lights from an automobile approaching which he assumed was on the highway; that he continued to drive eastwardly in his proper lane at about 40 to 45 miles per hour; and that as he came within a few feet west of a roadside sign on the south shoulder of the highway and near the summit of the hill he saw an automobile between 120 and 150 feet away traveling slowly in a westwardly direction with its headlights on. It was pulling from the south berm onto U. S. 42. He said that as best he could

observe in the few seconds intervening the front wheels of that automobile were at least three feet on the highway and in his lane; that he saw an open space immediately south of that car and to his right; and that he pulled off the highway to his right onto the south berm, applying his brakes as he did so. At that time Gullion swerved to his left and the two vehicles collided on the south berm of the highway at a point three to six feet from the south edge of the traveled portion of the highway. Ewry's car came to rest, headed east and parallel to the highway. Gullion's car was headed west at a slight angle to the highway. The left front of the Ewry car and the right front of the Gullion car were damaged. Ewry admitted that he had had two drinks; that he had so advised the state trooper; and that he had requested a sobriety test. The trooper testified that he could not tell whether Ewry had been drinking.

The testimony for the Gullions was to the effect that they had been visiting a farm home situated east of the summit of the hill some 300 to 500 feet and on the south side of U. S. 42. Gullion said that he drove westwardly at a slow rate of speed on a farm road, which was parallel to and just south of U. S. 42, to a point where he could see westwardly preparatory to driving onto U. S. 42. He said that his car was "sitting still" just prior to and at the time it was struck by Ewry's car. Gullion's wife said that they were intending to go west on U. S. 42 and "were pulling out on the highway."

It is immediately apparent that there is a conflict in the testimony as to whether the Gullion car was on or off the traveled portion of the highway just prior to the collision. Ewry's theory of the case is that his driving to the right of the Gullion car was the better way to avoid a collision. Gullion's theory is that Ewry's driving to the left would have been better and that Ewry's judgment was influenced by his indulgence in intoxicating liquor.

Under Ewry's testimony Gullion was guilty of negligence in driving onto the traveled portion of the highway since he should have yielded the right of way to Ewry's oncoming car. KRS 189.330(7). Ewry's testimony is corroborated by the statement of Gullion's wife that the Gullion car was pulling onto the highway. Evidently the jury believed this version of the accident, which is supported by substantive probative evidence. Gullion's testimony was in conflict.

 There was no basis for granting a directed verdict for either party and the case was properly submitted to the jury. The verdict will not be disturbed. Stewart v. Sizemore, Ky., 306 S.W.2d 821; Fields v. Baker, Ky., 329 S.W.2d 376. The physical fact that the cars collided or came to rest on the berm of the highway is not sufficient to require a directed verdict in view of all of the testimony in the case. Ison v. Mullins, Ky., 336 S.W.2d 599.

Judgment affirmed.