**SPRINGFIELD COAL COMPANY, Inc., Charles B. Vanhoose and Robert Eugene Preston, Appellants,**

**v.**

**Dan MEADE, Luddie Martin Meade and James B. Lemaster, Appellees.**

Court of Appeals of Kentucky.

May 23, 1969.

Rehearing Denied Dec. 12, 1969.

See also, Ky., 430 S.W.2d 652.

Earl R. Cooper, Salyersville, for appellants.

Cordell H. Martin, Hindman, for appellees.

CULLEN, Commissioner.

James Lemaster was the driver of a pickup truck heading west on a blacktopped country road, with Luddie Meade and Dan Meade as his passengers. Springfield Coal Company was the owner, and Robert Preston the driver, of a heavily loaded gravel truck heading east on the same road. The two vehicles collided, causing injuries to Lemaster and the two Meades. They brought this action for damages and recovered verdict and judgment awarding Lemaster $3,000 and each of the Meades $6,000. The coal company and Preston have appealed, asserting as their sole ground of error that the evidence failed to establish negligence on their part, wherefore their motions for a directed verdict and for judgment n. o. v. should have been sustained.

Preston's testimony was that as the two vehicles approached each other the pickup truck went off the road onto the shoulder on its right side and then, apparently out of control, swung onto and across the road and into the front end of the gravel truck, which Preston had driven as far as possible off the road on his side in an effort to avoid being hit.

The testimony of Lemaster and one of the Meades (the other was not able to testify) was that as the two vehicles approached each other the gravel truck was in the middle of the road; Lemaster turned his truck off the road and onto the shoulder on his side but the gravel truck came across the road and struck his truck and then dragged it back across the road onto the gravel truck's right side, where the two vehicles came to rest.

Preston's version of the accident was corroborated by: (1) The testimony of a disinterested eyewitness; (2) the position of the vehicles after the accident, the gravel truck being partly off the road on its right side and the pickup truck angled across the road with its front end against the gravel truck; (3) the nature of the damage to the pickup truck, its entire front end being damaged as opposed to the primary left front damage which would have been normal had the accident occurred as testified to by Lemaster; (4) the presence of skid marks behind the gravel truck, showing that it had turned off onto the shoulder some 45 feet back of the point where the two vehicles came to rest; (5) the presence of skid marks leading from the pickup truck across the road onto the shoulder, back in the direction from which the pickup truck had come; and (6) the absence of any marks on the highway indicating that the pickup truck had been dragged sideways across the highway as Lemaster had testified.

The only effort to provide some semblance of support for the Lemaster-Meade version of the accident came in the testimony on direct examination of one Lummay Lemaster. He spoke of skid marks and of stepping off distances from one point to another, but his testimony was really incomprehensible. Counsel for the plaintiff undertook to give the testimony comprehensibility by phrasing questions in

the form of statements of fact to be verified, but the answers of the witness simply did not supply the verification. The only real comprehensibility of his testimony came on cross-examination when he clearly and positively corroborated the testimony of the state policeman as to the skid marks running from the pickup truck back across the road onto the shoulder on the north side, which indicated that the precollision action of the pickup truck was exactly what Preston said it was.

While it is doubtful that any one of the factors above enumerated, standing alone, would be sufficient to destroy the probative value of the Lemaster-Meade testimony, their cumulative effect is more than sufficient for that purpose. Cf. Ison v. Mullins, Ky., 336 S.W.2d 599; Ashland Oil & Refining Co. v. Brashear, Ky., 251 S.W.2d 288.

It is our opinion that the evidence did not warrant a verdict for the plaintiffs, and that the trial court erred in overruling the defendants' motions for a directed verdict and for judgment n. o. v.

The judgment is reversed with directions to enter judgment dismissing the claims of the plaintiffs.

All concur.