**Sona SPARKS, Appellant,**

v.

**The BOARD OF EDUCATION OF ASHLAND INDEPENDENT SCHOOL DISTRICT et al., Appellees.**

Court of Appeals of Kentucky.

April 1, 1977.

Arthur L. Brooks, Brooks & Sullivan, Lexington, for appellant.

John Marion Williams, Ashland, F. C. Bryan, Bryan, Fogle & Riggs, Mount Sterling, W. H. Dysard, Ashland, for appellees.

Before HOGGE, COOPER and REYNOLDS, JJ.

HOGGE, Judge.

This appeal is from a final order dismissing an action seeking a declaration of rights wherein the appellant alleged that the defendant board had failed to give "specific reasons" for its action in not reemploying her for the succeeding school year, and had denied her a hearing on same. The appellant further sought her reinstatement.

Appellees had filed a motion to dismiss the complaint for failure to state a cause of action. After considering the arguments of counsel, the court entered an order dismissing the complaint. In an accompanying opinion, the court stated that the statutory requirements had been satisfied and that

appellant was not entitled to a hearing. This appeal followed.

Appellant had been employed by the Ashland School System under a "limited contract", as provided for in KRS 161.740. Pursuant to the requirements of KRS 161.750, the School Board notified appellant on May 13, 1975 that her contract would not be renewed. Upon request, and in compliance with the requirements of KRS 161.750(2), the School Board, by letter dated May 22, 1975, set forth the reasons for the Board's decision not to· renew appellant's contract. At the time she was notified of the School Board's decision to not renew her contract, appellant notified the Board she had certain "grievances" within the meaning of the Policies and Regulations adopted by the Board, and demanded a hearing in accordance with the provisions of said Policies and Regulations. No hearing was ever held pursuant to that request.

Appellant first contends that she was entitled to the procedural safeguards provided for in KRS 161.750(2) and KRS 161.790, and that the action of the School Board violated those provisions. Appellee contends that the appellant was not entitled to the protection of either of the above provisions, and that the action of the School Board was, nevertheless, in compliance with KRS 161.750(2).

The first issue, thus before the court, involves the construction of KRS 161.750(2) and KRS 161.790. KRS 161.750(2) provides as follows:

Any teacher employed under a limited contract and ineligible for a continuing contract shall at the expiration of such limited contract be deemed reemployed under the provisions of KRS 161.720 to 161.810 for the succeeding school year at the same salary plus any increment or decrease as provided by the salary schedule, unless the employing board shall give such teacher written notice on or before the fifteenth day of May of its intention not to reemploy him; upon request by the teacher, such written notice shall contain the specific reason or reasons why the teacher is not being reemployed. Such

teacher shall be presumed to have accepted such employment, unless he shall notify the board of education in writing to the contrary on or before the fifteenth day of June, and a written contract for the succeeding year shall be executed accordingly.

Appellee urges that this provision is applicable to those teachers "employed under a limited contract and *ineligible* for a continuing contract", and is, therefore, inapplicable to the appellant because she was eligible for a continuing contract.

■ KRS 161.740(1)(b) provides that a teacher is eligible for a continuing contract *after* the completion of four years service. At the time the action was taken by the School Board, the appellant had not yet fully completed four years employment, and was, therefore, ineligible for a continuing contract. She was, therefore, entitled to notice and a statement of the reasons for the decision of the Board not to renew her contract, as provided in KRS 161.750(2).

Appellant contends that the reasons, as set forth by the School Board, were insufficient because they were vague and conclusory. The reasons given to the appellant for the Board's decision were as follows:

1.  Poor relationship with other teachers, particularly in the English Department, which has been a contributing factor to the lack of harmony and has affected the planning and program of this department.
2.  Lack of cooperation with the principal and the guidance staff.
3.  Poor attitude and disruptive influence.
4.  Not in harmony with the educational philosophy of the school.
5.  Not in the best interest of the school to award a continuing contract.

The trial court concluded that the reasons set forth above were sufficient. We agree for the reasons hereinafter set out.

■ Appellant cites several cases where it was held a proper construction of KRS 161.790 required that the supporting facts, including names, dates, and places, be set

forth. *Osborne v. Bullitt County Board of Education*, Ky., 415 S.W.2d 607 (1967); *Knox County Board of Education v. Willis*, Ky., 405 S.W.2d 952 (1966). It is true that KRS 161.790 requires a very particular statement, as an adversary proceeding is contemplated as a prerequisite to termination of an existing contract. However, that provision relates to *termination* of an existing contract, not a renewal of a contract, as here. Since the contract of the appellant was not terminated, but simply not renewed, KRS 161.790 is inapplicable.

■ Assuming that the appellant was entitled to the benefits of KRS 161.750 in the instant case, we find that she was afforded every protection of that section. This section requires that a teacher employed under a limited contract shall be deemed reemployed unless the employing board shall give such teacher written notice on or before the fifteenth day of May of its intention not to reemploy her. This was done by the letter of May 13, 1975. Next, the written notice shall contain the specific reason or reasons for nonreemployment, if the teacher so requests. Here she made such a request and the specific reasons were furnished her by letter of May 22, 1975. Nothing else was required.

■ There is no requirement in KRS 161.750 that the teacher be given a hearing, adversary or otherwise, upon the board's determination not to reemploy or upon its assigned reasons for its action. The teacher does not need more specificity in order to prepare a defense. There is no defense nor forum for defense provided for by this section. In this enactment the legislature gives no reason for requiring specific reasons upon request, and we will not conjecture as to what it was. This requirement of giving specific reasons falls in the same category as those discussed in *Snapp v. Deskins*, Ky., 450 S.W.2d 246 (1970) wherein the court held that the presentation of reasons was not a condition of the validity of the transfer. Here the action of the board not to reemploy was final upon the giving of the notice of its action prior to May the fifteenth. Since the section contemplates no further action on the specific reasons and since they are not a condition of the validity of the board's action, this requirement of specificity has been met in this case.

■ Appellant further urges that she was entitled to a hearing upon her "grievance" claim in accordance with the adopted Policies and Regulations § 3051 and § 3052. Appellant admits that constitutional due process protections do not attach in the absence of substantive property right to her job. *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Appellant further admits she does not have a contractual right to employment and that there is no limitation on the School Board's authority to terminate her. She argues, however, that the procedural rules create a "kind of" property right not to be terminated except in accordance with such rules.

■ While appellant may be correct in asserting she had a contractual right to a hearing to settle grievance, the adopted grievance procedure has no applicability to the Board decisions regarding contract renewal. The hereinabove discussed statutes fully provide for the procedural requirements in relation to nonrenewal of teacher contracts. The statutory procedure is preemptive and there is nothing to indicate that the grievance procedure was intended to supplement the statutory requirements.

The decision in this case is hereby affirmed.

All concur.