Eloise SINGLETON, Appellant,

v.

BOARD OF EDUCATION OF HARRODSBURG, Kentucky, Appellee.

Larry CORDELL, Appellant,

v.

BOARD OF EDUCATION OF BOYLE COUNTY, Kentucky, Appellee.

Court of Appeals of Kentucky.

July 15, 1977.

Arthur L. Brooks, Brooks & Sullivan, Lexington, for appellants.

James William Barnett, Sheehan, Conover, Barnett & Hays, Harrodsburg, for appellee, Bd. of Ed. of Harrodsburg.

Bryan, Fogle & Riggs, Mount Sterling, Silliman & Dishman, Danville, for appellee, Bd. of Ed. of Boyle County.

Before GANT, HOWERTON and WILHOIT, JJ.

GANT, Judge.

These are companion cases, concerning identical questions of law and questions of fact which vary so slightly that they constitute a difference without a distinction. Both cases were decided by the court of the same judicial circuit and in the same manner.

Each of the appellants had been employed by his or her respective Board of Education for four consecutive years on a limited service contract, the fourth year expiring at the end of the 1975–1976 school year. Each appellant was notified prior to May 15, 1976, that he or she would not be re-employed for the ensuing year; each requested the applicable board for reasons for not renewing the contract. In one of the cases, no reasons were given and in the other perfunctory reasons were furnished. Each appellant brought suit against the appellee in the separate cases and in each case the lower court issued an order requiring the appellee to furnish specific reasons. In both cases the specific reasons were furnished pursuant to the order and in neither case did the list include any statement which would constitute a violation of the rights of the individuals concerned under the constitutions of the United States or the Commonwealth of Kentucky. Thereafter, each of the appellees filed a motion for summary judgment with accompanying affidavits, the lower court sustaining both of said motions. It is from these judgments that appeals were taken.

All parties agree that at the time of the instant cases, there were two sections of the Kentucky Revised Statutes applicable to teachers holding limited contracts. The first of these was KRS 161.740(1)(b) which read as follows:

When a currently employed teacher is recommended for re-employment after teaching four (4) consecutive years in the same district, or after teaching four (4) years which shall fall within a period not to exceed six (6) years in the same district, the year of present employment included, the superintendent shall recommend said teacher for a continuing contract, and, if the teacher is employed by the board of education, a written continuing contract shall be issued.

The second was KRS 161.750(2) which, prior to the amendment effective July 1, 1976, read as follows:

Any teacher employed under a limited contract and ineligible for a continuing contract shall at the expiration of such limited contract be deemed re-employed under the provisions of KRS 161.720 to 161.810 for the succeeding school year at the same salary schedule, unless the employing board shall give such teacher written notice on or before the fifteenth day of May of its intention not to re-employ him; upon request by the teacher,

such written notice shall contain the specific reason or reasons why the teacher is not being re-employed. Such teacher shall be presumed to have accepted such employment, unless he shall notify the board of education in writing to the contrary on or before the fifteenth day of June, and a written contract for the succeeding year shall be executed accordingly.

■ The appellants argue that KRS 161.-750(2) was applicable and that the provisions thereunder were not met by the respective boards of education in failing to give "specific reason or reasons" prior to the date of the court order in each of the cases. The appellees argue that KRS 161.-740(1)(b) was applicable and that neither notice nor reasons were required. The lower court held that, because the teacher was not re-employed, he or she became subject to the provisions of KRS 161.750(2). We do not concur with this reasoning and feel that the lower court is confusing eligibility with re-employment. It is our opinion that KRS 161.740(1)(b) was the applicable statute pertaining to both cases.

The case of *Dorr v. Fitzer,* Ky., 525 S.W.2d 462 (1975) is certainly in keeping with this construction. In both the majority and dissenting opinions in that case it is conceded that where a teacher has completed the four-year probationary period with limited contracts, thus attaining eligibility for a continuing contract, KRS 161.740 is the controlling statute.

Having determined the proper statute, we must then examine compliance in these two cases. This statute contains no provisions whatsoever for either notice or furnishing specific reasons to the teacher who is not re-employed. Notice was given, however, and appellants make no complaint that it was not a timely notice under the circumstances of these cases.

■ We must then determine whether the teacher is entitled to specific reasons for the failure of the board to extend a continuing contract in the absence of a statutory obligation to do so. We do not think there is such a right. Prior to July 1, 1976,

there existed three distinct classifications: (1) Teachers under limited contracts during their first three years; (2) Teachers under limited contracts after four years; and (3) Teachers under a continuing contract, or tenure, as it is called. Those under (1) were entitled to notice and specific reasons. Teachers under (3) were entitled to notice, specific reasons and a hearing pursuant to KRS 161.790. However, teachers under (2) were not given any of those rights by statute.

In the absence of statutory right, we must examine whether there is an implied right. Such a right would be derived from the Fourteenth Amendment to the Constitution of the United States, which provides in part: ". . . nor shall any state deprive any person of life, liberty, or property, without due process of law, . . ." It is the opinion of this court that two cases are dispositive of this issue. The first is *Dorr v. Fitzer,* supra. In that case the teacher had also completed the four probationary years pursuant to limited contracts for each of those years. However, the teacher had an even stronger claim to a *property* right in that the superintendent had recommended her for re-employment, the second step provided under KRS 161.740. The court held, at page 464: "The provision of KRS 161.740 that 'if the teacher is employed by the board' a continuing contract shall be issued means that the board has an open choice whether or not to make the employment that will result in a continuing contract. * * * We find nothing in the words of the statute in its present form to require the construction that *cause* (emphasis ours) is now required . . ."

The second case is the case of *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). In that case, a non-tenured teacher was hired for a fixed term at a state university. He was given notice, without specific reasons, that he would not be rehired for the following year. The applicable Wisconsin statutes did require notice but stated that "no reason for non-retention need be given." The teacher in the *Roth* case had

what corresponded to the "limited contract" under Kentucky law. In reversing a summary judgment in favor of the teacher, the Supreme Court of the United States stated:

> To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined.

> \* \* \* \* \* \*

> Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.

The court went on to hold that in the absence of a state statute granting such a right or in the absence of a course of conduct by the employer that would create such a right, the teacher did not have a *property* interest sufficient to give the teacher a statement of reasons and a hearing on the decision not to rehire him.

■ The final contention of each appellant is that a summary judgment was not proper since there was an allegation in each complaint that the "real reason for the board's decision not to re-employ . . . was to punish for exercising his right of free expression and association protected under the First Amendment to the Constitution of the United States." It is true that each complaint in the lower court contained such an allegation. However, in each of these cases, one by answer and one by amended answer, both of which were verified, the appellees furnished an exhaustive chronology of reasons for failure to rehire the respective appellants. In their motion for summary judgment, each appellee adopted these verified pleadings as their affidavits in support of the motion and in

each case, the appellant failed to file counter-affidavits setting out any manner by which he was punished "for exercising rights and privileges protected by the First Amendment to the Constitution of the United States, that is, the right of free expression and association," or any affidavits showing that the action was "otherwise arbitrary, capricious and discriminatory."

It has long been the law in Kentucky that a motion for a summary judgment, supported by affidavit disclosing the movant's non-liability, with no counter-affidavit being filed and no response being made thereto, is properly granted. See *Gullion v. Ewry,* Ky., 384 S.W.2d 315 (1964).

■ One other matter remains to be disposed of. Both appellants and both appellees have urged this court to correct a statement contained in the case of *Sparks v. Board of Education of Ashland,* Ky.App., 549 S.W.2d 323 (Opinion rendered April 1, 1977). The appellant in that case occupied the same position as these appellants, being in her fourth year under a limited contract. The court in that case stated: "At the time the action was taken by the school board, the appellant had not yet fully completed four years employment, and was, therefore, ineligible for a continuing contract." That statement is an error and the correction requested by the parties is in order. KRS 161.740(1)(b) states, in part, as follows:

> When a currently employed teacher is recommended for re-employment after teaching four (4) consecutive years in the same district or after teaching four (4) years which shall fall within a period not to exceed six (6) years in the same district, *the year of present employment included,* . . .

Thus we see that this statute is applicable *only* during the fourth year of employment and not after that year is completed and a subsequent year begun. Although we concur in the result reached in *Sparks,* supra, the previous statement from that case is not the law in Kentucky.

For the reasons above stated, the judgment is affirmed.

All concur.